## 13552.   BRINSON v. CARTER.

Where in an action for slander of title by stating that the plaintiff had "no title to the turpentine privileges" on certain lands, and "no right to turpentine the same," it appeared from his petition that his claim of these privileges was based on contracts which by their terms were "made subject to" a certain turpentine lease from the defendant to third persons, and the petition failed to show that this lease had expired, no cause of action was shown.

DECIDED OCTOBER 5, 1922.

Action for damages; from city court of Bainbridge — Judge Spooner.   April 10, 1922.

Carter sued H. H. Brinson in the city court of Bainbridge, alleging, that he (plaintiff) owned all the timber upon certain lots of land, and, "being the owner of the timber situated upon the lands, that petitioner was also vested with the turpentine privileges in all of the pine timber situated upon said lands;" that Brinson had, on numerous occasions, slandered his title to said timber "by falsely and maliciously impugning petitioner's title, and, as a result of said falsely and maliciously impugning petitioner's title, petitioner was unable to sell said turpentine privileges on said timber, and was unable to use said timber for turpentine, and as a result thereof was injured and damaged in the sum of $35,000.00." According to the petition the "impugning" of the petitioner's title consisted of statements made by the defendant "that petitioner had no title to the turpentine privileges and no right to turpentine same." The petition concluded with a prayer for process, and "that petitioner have judgment against the said H. H. Brinson." The defendant filed a demurrer as follows: "1st. Because said petition fails to set out a cause of action against the defendant. 2d. Because this court has no jurisdiction to administer the relief prayed for in said petition. 3d. Because said petition is a proceeding respecting titles to land, and this court has no jurisdiction to inquire into said matter." The demurrer was overruled, and the defendant excepted.

W. V. Custer, for plaintiff.

M. E. O'Neal, T. S. Hawes, for defendant.

BLOODWORTH, J.   (After stating the foregoing facts.)

1.   Plaintiff claimed title to the timber by virtue of two lease contracts, one from H. H. Brinson, the defendant, to Douville

Timber Land Company, and the other from that company to W. S. Carter, the plaintiff. Each of these contracts was attached to and made a part of the petition, and each contains a clause that the contract is made subject to a turpentine lease made by the defendant " to J. D. Rabon & Son, December 31, 1917, as appears of record in Book U-3, page 173, of the deed records of said county." There was no allegation that this " turpentine lease" to which the contract with plaintiff was made subject had expired. Therefore it does not, from the allegations of the petition, appear that when the defendant said that the plaintiff had no title to the turpentine privileges he was not stating a truth. " The truth is not slander, however much it may hurt." The petition did not set out a cause of action, and the 1st ground of the demurrer should have been sustained and the case dismissed.

2. It is unnecessary to consider the remaining grounds of the demurrer.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*